UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA,

        Plaintiff,

v.

ADAM B. ROTH,
DALE POPANDA,
GILANE POPANDA and
DEANNDRA SCHMOCKER, as Special Administrator
of the Estate of Dominique A. Roth,

        Defendants.

---

## THE PRUDENTIAL INSURANCE COMPANY OF AMERICA'S COMPLAINT IN INTERPLEADER

Plaintiff, The Prudential Insurance Company of America ("Prudential"), by and through its Attorneys, Everson, Whitney, Everson & Brehm, S.C., and as for its Complaint in Interpleader, alleges the following:

### PARTIES

1. Plaintiff Prudential is an insurance company organized and existing under the laws of the State of New Jersey with its principal place of business in New Jersey. Prudential is duly authorized to do business in the State of Wisconsin.

2. Upon information and belief, Defendant Adam B. Roth ("Adam") is an adult citizen of Wisconsin and a resident of Waukesha County, Wisconsin.

3. Upon information and belief, Defendant Dale Popanda ("Dale") is an adult citizen of Wisconsin and domiciled in Waukesha County.

4. Upon information and belief, Defendant Gilane Popanda ("Gilane") is an adult citizen of Wisconsin and domiciled in Waukesha County.

5. Upon information and belief, Deanndra Schmocker ("Deanndra") was appointed by the Circuit Court, County of Waukesha, Wisconsin, as Special Administrator of the Estate of Dominique A. Roth (the "Estate"), which is deemed a citizen of Wisconsin.

## JURISDICTION AND VENUE

6. This court has jurisdiction under 29 U.S.C §§ 1132(e) and (f) which gives the District Court jurisdiction to hear civil actions relating to benefits due under the terms of an employee welfare benefit plan brought by, among other parties, a fiduciary. The group life insurance policy at issue in this action is an employee welfare benefit plan governed by ERISA. This basis for jurisdiction is consistent with general federal question jurisdiction under 28 U.S.C § 1331 which gives the District Court jurisdiction over actions that arise under the laws of the United States. For the purpose of processing this claim, Prudential had a degree of discretionary authority consistent with the definition of fiduciary set forth in 29 U.S.C. § 1002 (21)(A)(iii).

7. This Court also has jurisdiction under 28 U.S. C. § 1332, in that the parties are of diverse citizenship and the amount in controversy exceeds $75,000.00. Prudential is a New Jersey citizen for diversity purposes, and upon information and belief, the Defendants are citizens of Wisconsin.

8. Venue is proper in this federal district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district. Venue is also proper in this Court pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

## CAUSE OF ACTION IN INTERPLEADER

9. Prudential issued group life insurance policy number G-53326 to Advocate Aurora Health, Inc. (the "Plan"). *A copy of the Plan Certificate and Booklet is attached hereto as Exhibit A*.

10. As an eligible employee of Advocate Aurora Health, Inc., at all times relevant, Dominique A. Roth (the "Insured") received life insurance coverage under the Plan.

11. On or about October 30, 2019, the Insured designated Adam as sole primary beneficiary to the Plan's life insurance benefits and did not designate a contingent beneficiary.

12. Upon information and belief, the Insured died on March 10, 2020 as a result of multiple stab wounds, and the manner of death was homicide. *A copy of the Certificate of Death is attached hereto as Exhibit B*.

13. As a result of the death of the Insured, Plan death benefits in the amount of $86,000.00 (the "Death Benefit") became due to a beneficiary or beneficiaries.

14. Upon information and belief, Adam was charged with first-degree intentional homicide, a class A felony, pursuant to Wisconsin Statute § 940.01(1)(a), and he entered a plea of not guilty by reason of mental disease or defect.

15. Adam may be disqualified from receiving the proceeds pursuant to the federal common law principle that a person shall not profit from his or her own wrong and/or Wisconsin Statute §854.14 (the "Wisconsin Slayer Statute"), which provides, in relevant part:

> Beneficiary who kills decedent.
> (2) Revocation of benefits. Except as provided in sub. (6), the unlawful and intentional killing of the decedent does all of the following:
> (a) Revokes a provision in a governing instrument that, by reason of the decedent's death, does any of the following:
> 1. Transfers or appoints property to the killer.
> …

3

> (3) Effect of revocation. Except as provided in sub. (6), provisions of a governing instrument that are revoked by this section are given effect as if the killer disclaimed all revoked provisions or, in the case of a revoked nomination in a fiduciary or representative capacity, as if the killer predeceased the decedent. Except as provided in sub. (6), the killer's share of the decedent's intestate estate, if any, passes as if the killer had disclaimed his or her intestate share under § 854.13.

Wis. Stat. §§ 854.14(2)(a)(1), (3).

16. If Adam is determined to have forfeited his right to the Death Benefit pursuant to federal common law and/or the Wisconsin Statute §854.14, it would be as if he predeceased the Insured.

17. The Plan's Beneficiary Rules provide, in relevant part:

> Any amount of insurance under a Coverage for which there is no Beneficiary at your death will be payable to the first of the following: your (a) surviving spouse; (b) surviving child(ren) in equal shares; (c) surviving parents in equal shares; (d) surviving siblings in equal shares; (e) estate.

*See Exhibit A, Plan, page 53.*

18. Upon information and belief, Adam is the Insured's surviving spouse.

19. Upon information and belief, the Insured has no surviving children.

20. Upon information and belief, the Insured is survived by her parents, Dale and Gilane.

21. Thus, pursuant to the terms of the Plan, if Adam is determined to have forfeited his right to the Death Benefit pursuant to federal common law and/or the Wisconsin Statute §854.14 and is treated as having predeceased the Insured, the Death Benefit would be payable to the Insured's parents, Dale and Gilane, in equal shares. *See Exhibit A, Plan, page 44.*

22. Upon information and belief, by Irrevocable Assignment & Power of Attorney form dated April 6, 2020, Deanndra, as Special Administrator of the Estate, assigned $11,007.23

4

of the Death Benefit to Krause Funeral Home. By Irrevocable Reassignment of the same date, Krause Funeral Home re-assigned its interest in the Death Benefit to ClaimCheck, a funeral funding company (the "Assignment"). *A copy of the combined Irrevocable Assignment and Reassignment & Power of Attorney form dated April 6, 2020 is attached hereto as **Exhibit C**.*

23. On or about June 15, 2020, Prudential disbursed $11,007.23 of the Death Benefit to ClaimCheck in satisfaction of the Assignment.

24. As a result of the payment to ClaimCheck in satisfaction of the Assignment, there remains $74,992.77 (the "Remaining Death Benefit") of the Death Benefit due, and Prudential concedes liability to that effect.

25. There have been no claims for the Death Benefit. Under the circumstances, Prudential cannot determine factually or legally who is entitled to the Remaining Death Benefit. By reason of the actual or potential claims of the Defendants, Prudential is or may be exposed to multiple liability.

26. Prudential is ready, willing and able to pay the Remaining Death Benefit, plus applicable interest, if any, payable in accordance with the terms of the Plan and to whomever this Court shall designate.

27. As a mere stakeholder, Prudential has no interest (except to recover its attorneys' fees and cost of this action) in the Remaining Death Benefit due and respectfully requests that this Court determine to whom said benefits should be paid.

28. Prudential accordingly will deposit into the Court the Remaining Death Benefit, plus applicable interest, if any, for disbursement in accordance with the judgment of this Court.

29. Prudential has not brought this Complaint in Interpleader at the request of any of the Defendants. There is no fraud or collusion between Prudential and any of the Defendants.

5

Case 2:20-cv-00982-PP   Filed 06/30/20   Page 5 of 6   Document 1

Prudential brings this Complaint in Interpleader of its own free will and to avoid being vexed and harassed by conflicting and multiple claims.

**WHEREFORE**, Prudential prays that the Court enter judgment:

(a) appointing a Guardian ad litem to represent the interests of Adam in this action, if necessary, due to the possibility of diminished capacity;

(b) requiring the Defendants to answer this Complaint in Interpleader and litigate their claims between themselves for the Remaining Death Benefit;

(c) requiring that the Defendants settle and adjust between themselves, or upon their failure to do so, this Court settle and adjust the claims and determine to whom the Remaining Death Benefit should be paid;

(d) permitting Prudential to deposit the amount of the Remaining Death Benefit, plus applicable interest, if any, into the Court or as this Court otherwise directs to be subject to the order of this Court and to be paid out as this Court shall direct;

(e) discharging Prudential from any and all further liability to the Defendants relating in any way to the Insured's coverage under the Plan and/or the Death Benefit upon payment of the Remaining Death Benefit into the Registry of this Court or as otherwise directed by this Court;

(f) enjoining the Defendants from instituting or prosecuting any proceeding in any state or United States court affecting the Insured's coverage under the Plan and/or the Death Benefit and/or the Remaining Death Benefit;

(g) awarding Prudential its attorneys' fees and costs in their entirety; and

(h) awarding Prudential any other and further relief that this Court deems just and proper.

Respectfully submitted,

*Erik J. Pless, Attorney for The Prudential Insurance Company of America*

6

Case 2:20-cv-00982-PP   Filed 06/30/20   Page 6 of 6   Document 1