UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

PRUDENTIAL INSURANCE COMPANY OF AMERICA,

        Plaintiff,

Case No. 20-cv-982-pp

   v.

ADAM B. ROTH,
GILANE POPANDA, individually and as
successor of Dale Popanda, and
DEANNDRA SCHMOCKER, as Special
Administrator of the Estate of Dominique A. Roth,

        Defendants.

---

**ORDER GRANTING JOINT MOTION FOR INTERPLEADER RELIEF
(DKT. NO. 28), ORDERING PLAINTIFF TO DEPOSIT FUNDS WITH CLERK
OF COURT AND PERMANENTLY ENJOINING DEFENDANTS FROM
ASSERTING CLAIMS AGAINST PLAINTIFF REGARDING POLICY INSURING
DOMINIQUE A. ROTH**

---

      The plaintiff insurance company filed an interpleader complaint seeking to deposit the life insurance proceeds due under a policy insuring Dominique A. Roth until a determination could be made as to whom the proceeds should be paid. Dkt. No. 1. Typically interpleader cases proceed in two stages. The court first determines whether interpleader is appropriate, by assessing whether the requirements have been met and whether interpleader is the appropriate remedy given the facts of the case. USAA Life Insurance Co. v. Cyranek, No. 4:19-cv-00279-SEB-DML, 2020 WL 3445757, *2 (S.D. Ind. June 23, 2020). The second phase resolves the adverse claims of the defendant claimants as to the property at issue. Id.

The parties are in the first phase, and, on March 10, 2021, they filed a joint motion for an order under Rules 22 and 67 of the Federal Rules of Civil Procedure directing the plaintiff to deposit the remaining life insurance proceeds and protecting the plaintiff from any future liability regarding this policy. Dkt. No. 28. Rule 22 states that "[p]ersons with claims that may expose a plaintiff to double or multiple liability may be joined as defendants and required to interplead." Fed. R. Civ. P. 22(a)(1). It is a procedural device; it does not confer its own basis for subject matter jurisdiction. Aaron v. Mahl, 550 F.3d 659, 663 (7th Cir. 2008) (citing Officer v. Chase Ins. Life & Annuity Co., 541 F.3d 713, 714 (7th Cir. 2008)). The plaintiff must provide an independent basis for subject matter jurisdiction to initiate a suit in interpleader under Rule 22.

Here, the court has federal question subject matter jurisdiction because the policy at issue is an employee welfare benefit plan governed by the Employee Retirement Income Security Act. 28 U.S.C. §1331. The parties also appear to be diverse and the amount in controversy exceeds $75,000, providing a basis for jurisdiction under 28 U.S.C. §1332. The plaintiff anticipates that defendant Adam Roth may be disqualified from receiving the proceeds because he was charged with killing Dominique Roth and entered a plea of not guilty by reason of mental disease or defect. Dkt. No. 1 at 4. If Adam Roth cannot claim the proceeds, the amount would be payable to Dominique's mother, who is appearing individually and on behalf of her late husband. Id.

Rule 67 governs the deposit of the proceeds with the federal court. "If any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of the court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it." Fed. R. Civ. P. 67(a). On receipt by the clerk, "[t]he money must be deposited in an interest-bearing account or invested in a court-approved interest-bearing instrument." Fed. R. Civ. P. 67(b). Because they have filed a joint motion, the court is satisfied that all parties have been notified of the plaintiff's intent to deposit the funds. The court will order the Clerk of Court to deposit the funds in an interest-bearing account. The court will dismiss the plaintiff once the plaintiff has filed a notice and the Clerk of Court acknowledges receipt of the deposited funds. At that point, the court will realign the parties for further proceedings.

The court **GRANTS** the parties' joint motion for interpleader relief. Dkt. No. 28.

The court **ORDERS** the plaintiff to distribute to the Clerk of Court a check equal to the sum of $74,992.77, plus interest (representing the remaining proceeds due as a result of the death of Dominique A. Roth under life insurance policy number G-53326 issued by Advocate Aurora Health Inc.).

The court **ORDERS** that the plaintiff must notify the court once it has made the disbursement; the court will dismiss the plaintiff as a party once the Clerk of Court has deposited the funds in an interest-bearing account.

3

The court **PERMANENTLY ENJOINS** the defendants from instituting or prosecuting any claims or actions against the plaintiff in any forum seeking payment of the death benefit or otherwise in connection with Dominque A. Roth's coverage under the plan. The defendants agree to discharge the plaintiff from all liability in connection with Dominque A. Roth's death benefit, interest on the benefit, and/or her coverage under the plan.

Dated in Milwaukee, Wisconsin this 26th day of March, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**

4