UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

GILANE POPANDA, *Individually and as successor to the Estate of Dale Popanda*;
and DEANDRA SCHMOCKER, *as Special Administrator of the Estate of Dominique A. Roth*,

        Plaintiffs,

  v.

ADAM ROTH,

        Defendant.

Case No. 20-cv-982-pp

---

**ORDER STRIKING MAY 21, 2021 REALIGNED COMPLAINT (DKT. NO. 35), DENYING WITHOUT PREJUDICE MOTION TO INTERVENE BY GILANE POPANDA, DESIREE POPANDA AND ESTATE OF DEIDRE POPANDA (DKT. NO. 37), GRANTING DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO MOTION FOR PARTIAL SUMMARY JUDGMENT (DKT. NO. 53), STAYING BRIEFING AND SETTING STATUS CONFERENCE**

---

On June 30, 2020, Prudential Insurance Company of America filed an interpleader complaint alleging that Dominique Roth had a life insurance policy with $86,000 in death benefits. Dkt. No. 1. At the time of filing, Dominique's surviving spouse, Adam Roth, had entered a plea of not guilty by reason of mental disease or defect (NGI) to first-degree intentional homicide in the death of Dominique.[1] Id. at ¶14. Prudential named Adam Roth, Dale and Gilane Popanda (Dominique's parents) and Deanndra Schmocker (as administrator of

---

[1] The Waukesha County Circuit Court judge accepted Adam Roth's NGI plea, ordered him to be placed in institutional care and committed him for life on counts one and two and sixty years on counts three and four. Dkt. No. 27 at 2.

1

Dominique's estate) as defendants but wanted guidance as to whether Adam Roth could recover benefits under common law and Wisconsin's "Slayer Statute." Id. at ¶15 (citing Wis. Stat. §854.14(2)(a)(1), (3)). After the court granted the parties' joint motion for interpleader relief, Prudential deposited $74,922.77 plus interest (the policy amount minus $11,007.23 paid to the Krause Funeral Home) with the Clerk of Court. The court then dismissed Prudential, as is the court's usual practice in an interpleader action, and realigned the parties. Dkt. No. 32. The court explained to the parties that the order addressed the first phase of the interpleader action; the second phase would resolve the adverse claims of the defendant claimants as to the property. Dkt. No. 30 at 1. The court set deadlines, but did not set a deadline for amending the pleadings.

On May 21, 2021, the attorney representing Gilane Popanda and Deanndra Schmocker (as special administrator of the Estate of Dominique Roth) filed a letter stating that he was filing a complaint against defendant Adam Roth for wrongful death, a survival claim and two causes of action of intentional infliction of emotional distress. Dkt. No. 33. He added that he anticipated filing a complaint of intervention on behalf of Desiree Popanda, who was injured by Adam Roth in the same attack, and Deidre Popanda, who was killed. Id. The attorney filed the complaint the same day, without seeking leave of the court. The Clerk of Court issued a summons, which was returned executed on May 24, 2021. Dkt. No. 36.

On June 4, 2021, Gilane Popanda (as the Special Administrator of the Estate of Deidre Popanda) and Desiree Popanda filed a motion to intervene and a proposed intervenor complaint. Dkt. No. 37, 38. The proposed intervenor complaint included a state law wrongful death claim, a survival claim and two claims for intentional inflection of emotional distress. Dkt. No. 38. Four months later, the plaintiffs and the proposed intervenors filed a motion for partial summary judgment asking the court to find, as a matter of law, that the defendant caused the death of Dominique Roth and Deidre Popanda, as well as the injuries to Gilane Popanda and Desiree Popanda, and that the defendant could not recover the life insurance proceeds deposited with the clerk of court. Dkt. No. 48. The plaintiffs asserted that the remaining claims should be set over for a damages hearing. Id. at 2.

Complicating this case is the fact that the defendant's father and apparent power of attorney, Rohn Roth—who is not an attorney—has been filing motions for extensions of time with this court; the documents indicate that Rohn Roth is the defendant's power of attorney and that Rohn Roth had been trying to contacted the plaintiffs' attorney but that the plaintiffs' attorney had declined to speak to Rohn Roth because Rohn Roth is not a lawyer. Dkt. No. 39, 41, 53. In the motions, the defendant acknowledged that Rohn Roth assisted him in their preparation. Id.

## I. Complaint (Dkt. No. 35)

The operative complaint remains the original interpleader complaint filed under ERISA on June 30, 2020, which asked the court to decide to whom the

3

remaining death benefit should be paid. Dkt. No. 1 at 6. In the joint Rule 26 report filed by the parties, Prudential indicated that it would not amend the pleading, but Gilane Popanda, Deanndra Schmocker and the Estate of Dominique Roth expressed their intent to "assert cross-claims against Adam Roth for wrongful death, intentional infliction of emotional distress, and a survivor claim for pre-death pain and suffering." Dkt. No. 27 at 3-4. The parties did not include in their discovery plan a date for amending the pleadings, and the court did not set a date.

This raises a procedural question. Gilane Popanda, Deanndra Schmocker and the Estate of Domonique Roth did not file cross-claims. They filed a *complaint* on May 21, 2021. Dkt. No. 35. There was no motion for leave to file a complaint or amend the original complaint. Prudential filed the original complaint as an interpleader complaint seeking the determination of the beneficiary. While the plaintiffs' May 21, 2021 "complaint" asserts that the court has jurisdiction under ERISA because of the group life policy at issue, dkt. no. 35 at ¶4, the plaintiffs admit that the court must exercise supplemental jurisdiction over their claims, id. at ¶5. The plaintiffs' May 21, 2021 complaint arises entirely under state law and was filed after the court dismissed Prudential and realigned the plaintiffs based on adverse interests. This locus of the dispute in this case is the appropriate distribution of the property. It was not filed as a wrongful death/emotional distress case.

The new plaintiffs (formerly defendants) previously had filed an *answer* to the interpleader complaint filed by Prudential—not a *complaint*. Federal Rule of

4

Civil Procedure 15(a)(1) allows a party to amend its pleading once as a matter of course within twenty-one days after serving it or, if the pleading is one to which a responsive pleading is required, twenty-one days after service of a responsive pleading (or motion). Otherwise, the party may amend only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(b).

At a minimum, the plaintiffs needed leave of the court to file their new pleading. Further, the "complaint" at issue should have been accompanied by a motion rather than a letter, particularly where it brought claims under state law—claims separate and different from the claims raised in the original interpleader action to determine a beneficiary. This district's Civil Local Rules require that every motion be filed with a supporting memorandum or a certificate stating that no memorandum will be filed. Civil L.R. 7(a)(1), (2) (E.D. Wis.). Civil Local Rule 15(b) requires that a motion to amend a pleading specifically state what changes are sought to the pleading and attach to the motion the full, proposed amended pleading.

The court can speculate why the plaintiffs would want to bring these claims, why joinder of claims may be appropriate under Rule 18 and what the plaintiffs might argue in seeking under Rule 15 to amend their earlier pleading. But that is not the role of the court and in his answer to the May 21, 2021 complaint, the defendant has raised some objections. The court will strike the complaint filed on May 21, 2021. The parties may file a motion to amend their pleadings in compliance with the rules and explain to the court why an amendment is appropriate.

## II. Motion to Intervene (Dkt. No. 37)

Several weeks after filing the "complaint" discussed above, Desiree Popanda and Gilane Popanda (as special administrator of the Estate of Deidre Popanda) filed a motion to intervene under Fed. R. Civ. P. 24. Dkt. No. 37. At the time of filing, Deidre's estate remained in probate in Waukesha County Case No. 2021PR387.

While the proposed intervenors filed a motion, they did not file a brief in support of the motion. Instead, they relied on the allegations in the proposed intervenor complaint. Neither the motion nor the proposed intervenor complaint indicates whether they are proceeding as a matter of right under Rule 24(a) or seeking permissive intervention under Rule 24(b). Dkt. Nos. 37, 38. The proposed intervenors' complaint resembles the complaint the court has indicated it will strike from the record—it adds a wrongful death claim (on behalf of Gilane Popanda and Deanndra Schmocker and Desiree Popanda), a survival claim of the Estate of Deidra Popanda and claims of intentional infliction of emotional distress (one count on behalf of Deidra and a separate count on behalf of Desiree).

The defendant did not respond to the motion; he filed a proposed answer to the proposed intervenors' complaint. Dkt. No. 47. In the proposed answer, the defendant states, "I see nothing that the court has agreed to connect and merge these actions and complaints." Dkt. No. 47. He further notes that the court has dismissed the life insurance company, which he believed gave the

6

court diversity jurisdiction. Id. at 1. The defendant asked that the case be remanded to state court for further proceedings. Id.

If the proposed intervenors were seeking to intervene under Rule 24(a)(2), they would have to satisfy four elements: "(1) timely application; (2) an interest relating to the subject matter of the action; (3) potential impairment, as a practical matter, of that interest by the disposition of the action; and (4) lack of adequate representation of the interest by the existing parties to the action." Planned Parenthood of Wis., Inc. v. Kaul, 942 F.3d 793, 797 (7th Cir. 2019) (quoting Illinois v. City of Chi., 912 F.3d 979, 984 (7th Cir. 2019)). On the other hand, permissive intervention is governed by Fed. R. Civ. P. 24(b)(1)(B), which provides that "[o]n timely motion, the court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact." Other than that requirement, the "decision to permit intervention is 'wholly discretionary.' " Kaul, 942 F.3d at 803 (quoting Sokaogon Chippewa Cmty. v. Babbitt, 214 F.3d 941, 949 (7th Cir. 2000)).

The proposed intervenors have not complied with the rules or properly supported their motion. The court will deny without prejudice the motion to intervene.

## II. Motion for Extension of Time to Answer Summary Judgment (Dkt. No. 53)

The defendant filed a motion for an extension of time to respond to the pending motion for partial summary judgment. Dkt. No. 53. He admits that his father, a non-lawyer, assisted him in preparing the request. Id. A person who is not a lawyer can represent only himself in court. Georgakis v. Ill. State Univ.,

7

722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself."); see also 28 U.S.C. §1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."). The fact that a non-lawyer has been appointed power of attorney does not authorize him to practice law or represent someone else in federal court. Johnson v. Bank One N.A., 90 F. App'x 956, 957 (7th Cir. 2004).

Because the court has seen the defendant's father's name on several pleadings and the defendant admits that his father has been contacting the plaintiffs' attorney, dkt. no. 41, the court is concerned that the defendant's father is trying to represent the defendant. This is particularly troubling where the pleadings indicate that the defendant entered an NGI plea claiming mental defect, has been committed to an institution and the initial complaint alleged the defendant may have a diminished capacity. The court will grant the extension but will stay further activity in the case pending a status conference at which both the defendant and his father must appear.

### III. Conclusion

The court **ORDERS** that the complaint filed on May 21, 2021 is **STRICKEN**. Dkt. No. 35.

The court **DENIES WITHOUT PREJUDICE** the motion to intervene. Dkt. No. 37.

The court **GRANTS** the defendant's motion for extension of time to answer the partial motion for summary judgment. Dkt. No. 53. The court **ORDERS** that the parties are to appear for a telephone status conference on February 22, 2022 at 3:00 PM. The parties are to appear by calling the court's conference line at 888-557-8511 and entering access code 4893665#. Both the defendant and Rohn Roth must participate in the conference. The court **STAYS** further activity in the case pending the status conference.

Dated in Milwaukee, Wisconsin this 8th day of February, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**