GILANE POPANDA,
*individually and as successor to the Estate of Dale Popanda*;
and DEANDRA SCHMOCKER,
*as Special Administrator of the Estate of Dominique A. Roth*,

           Plaintiffs,

           Case No. 20-cv-982-pp

  v.

ADAM ROTH,

           Defendant.

**ORDER GRANTING PLAINTIFFS' RULE 7(H) EXPEDITED NON-DISPOSITIVE MOTION TO STAY (DKT. NO. 59), DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (DKT. NO. 48) AND ADMINISTRATIVELY CLOSING CASE WITH RIGHT TO REOPEN**

      During a February 22, 2022 status conference, this court agreed to stay the proceedings to give the defendant time to find an attorney to represent him. Dkt. No. 57. At the same time, the plaintiffs' counsel informed the court that he would be filing the plaintiffs' wrongful death claims in Waukesha County Circuit Court and moving to stay this interpleader action until the state court claims could be resolved. Id. On April 19, 2022, the plaintiffs' counsel filed a Rule 7(h) expedited motion to stay pending a final judgment in the since-filed state case (Propanda, *et al.* v. Roth, Case No. 2022CV000289 (Waukesha County Circuit Court)). Dkt. No. 59. On May 9, 2022, the defendant filed his opposition to the expedited motion to stay. Dkt. No. 63. For the reasons explained below, the court will continue the stay, deny without prejudice the plaintiffs' pending motion for partial summary judgment (dkt. no. 48) and

1

administratively close the case. The parties retain the right to file a motion to reopen and lift the stay at any time.

I. **Plaintiffs' Rule 7(h) Expedited Non-Dispositive Motion to Stay Pending Final Judgment in Related Case (Dkt. No. 59)**

    A.    <u>Parties' Arguments</u>

The plaintiffs ask the court to stay the federal case pending final judgment in the related state case, <u>Popanda v. Roth</u>, Waukesha County Case No. 2022CV000289. Dkt. No. 59. The plaintiffs explain that the Waukesha County Circuit Court case is a parallel proceeding; the resolution of the Waukesha County case will impact the disbursement of the interpleader funds in this case. <u>Id.</u> at 3. In the state court case, the plaintiffs filed two claims against the defendant: a survival claim and claim for intentional infliction of emotional distress. According to the plaintiffs, if a judgment is entered in the state case, the plaintiffs will be entitled to the funds being held in this court's registry. <u>Id.</u> While the state court judgment will have an impact on the pending case, resolution of this case will have no impact on the Waukesha County Circuit Court case. The plaintiffs assert that the Waukesha County Circuit case is broader in scope and resolves issues of state law, and they maintain that the resolution of that case will avoid duplicative and/or inconsistent results furthering the interest of judicial economy. <u>Id.</u> at 3, 4.

The court received the defendant's response outside of the seven-day deadline provided for in Civil Local Rule 7(h). Dkt. No. 63. The defendant explains that mail takes a while to arrive at the Mendota Mental Health Institution, that he cannot e-file and that his access to resources is "severely restricted." <u>Id.</u> at 1. He opposes the plaintiffs' motion to stay until resolution of the state case, but wants to the court to continue the stay until he can find a lawyer to represent him. The defendant sees the issue in this case as

2

straightforward—he believes that he is entitled to the insurance proceeds because he was found not guilty by reason of mental disease or defect, rather than being found guilty—and thus concludes that there is no reason for any delay once he has found a lawyer to represent him. Id. at 2-3.

B.   Analysis

The court imposed the current stay to give the defendant time to find an attorney—and the defendant wants the court to continue that stay until he finds an attorney. The plaintiffs also want a stay, but they want to keep the stay in place until the parties can wrap up their claims in the state court.

In deciding whether the stay of an interpleader action is appropriate, a court in the Northern District of Illinois applied the Wilton-Brillhart abstention doctrine.[1] Principal Life Ins. Co. v. Crane, No. 16 C 182, 2016 WL 1270516, *2 (N.D. Ill. Mar. 31, 2016); see also Hartford Fire Ins. Co. v. Coastal Int'l, Inc., No. 14-cv-6196, 2015 WL 4038905, *4 (N.D. Ill. June 30, 2015) (citing Wilton v. Seven Falls Co., 515 U.S. 277 (1995) and Brillhart v. Excess Ins. Co. of Am.., 316 U.S. 491 (1942)). Both Wilton and Brillhart addressed whether a district court could stay or dismiss a declaratory judgment case in favor of pending state court litigation. Wilton, 515 U.S. at 279-80; Brillhart 316 U.S. at 492-94. Courts have extended the doctrine to interpleader cases because an interpleader is an equitable remedy. Magistrate Judge Nancy Joseph recently applied Wilton-Brillhart in a statutory interpleader case and declined to

---

[1] Arguably the court also should abstain under the Colorado River abstention doctrine—named after Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976), which permits a federal court to defer to a concurrent state proceeding when the parallel federal and state lawsuits are pending between the same parties. See Adkins v. VIM Recycling, Inc., 644 F.3d 483, 497-98 (7th Cir. 2011). Because Colorado River abstention is a narrow doctrine with exceptions, and because the Wilton-Brillhart doctrine applies to the facts before the court, it need not analyze Colorado River abstention.

3

dismiss on abstention grounds where there was no parallel state court proceeding. Westbury Bank v. Potter, No. 18-CV-655, 2018 WL 3765393 (E.D. Wis. Aug. 8, 2018).

Applying Wilton-Brillhart, the Seventh Circuit instructs courts to consider: (1) the scope of the pending state court proceeding and the nature of the defenses available there; (2) whether the claims of all parties in interest can satisfactorily be adjudicated in that proceeding; (3) whether the underlying dispute concerns a matter of state law; and (4) whether necessary parties have been joined and whether such parties are amenable to process in that proceeding. Arnold v. KJD Real Estate, LLC, 752 F.3d 700, 707 (7th Cir. 2014). The insurance company filed this interpleader action asking only that this court distribute the benefits of a life insurance policy. Because the court has dismissed the insurance company and realigned the parties, the parties now are the same in both the federal and state cases. The Waukesha County Circuit Court case, however, is broader in scope because the plaintiffs have brought wrongful death and survivor claims in that case. In the federal case, the plaintiffs ask the court to award them the insurance proceeds because the defendant killed the insured. Wisconsin's slayer statute, Wis. Stat. §854.14, treats the killer's right to an inheritance as if the killer predeceased the decedent. Wis. Stat. §854.14(3). Under that statute, "[a] final adjudication of delinquency on the basis of an unlawful and intentional killing of the decedent conclusively establishes the adjudicated individual as the decedent's killer for purposes" of the statute. Wis. Stat. §854.14(5)(b).

The Waukesha County Circuit Court case will address state law and may streamline—but not resolve—issues in this case. The defendant admitted to causing the deaths of Dominique and Deidre and the injuries to Gilane and

Desiree at the time of the state-court criminal plea. Dkt. No. 49 at 6. The plaintiffs point out that he did not pair a "not guilty" plea with his NGI plea. Id. But he entered an NGI plea and was adjudicated guilty but not guilty by reason of mental defect. State of Wisconsin v. Adam B. Roth, Waukesha County Case No. 2020CF000472 (available at https://wcca/wicourts.gov). The plaintiffs invoke a state statute to preclude the defendant from making his claim to the insurance proceeds. They simultaneously are pursuing a civil recovery in the state court for a wrongful death claim against the defendant. Although the parties have not addressed the specific overlap of the cases, the court presumes the NGI plea will be at issue in both cases. It also appears that all necessary parties have been joined in this federal case and that all of them are parties to the state court proceeding.

Based on these factors and the fact that the defendant already had requested an open-ended stay to allow him to find counsel, the court will grant the plaintiffs' motion and administratively close this case while the parties litigate in the state court. Judge Michael J. Aprahamian appears to be handling the case on an expedited schedule, with a summary judgment hearing scheduled for August 8, 2022. As a practical matter, the state court may come to a resolution before the defendant finds a lawyer. Regardless, either party may move to reopen and lift the stay in this case at any time. The court will deny without prejudice the plaintiffs' motion for summary judgment because the plaintiffs may want to revise that motion depending on the state court resolution. Once the parties return to federal court on a motion to reopen and lift the stay, the plaintiffs may re-file their summary judgment motion (if they think that the prudent course).

## II. Conclusion

The court **GRANTS** the plaintiffs' Rule 7(h) expedited motion to stay pending final judgment in related case. Dkt. No. 59.

The court **DENIES WITHOUT PREJUDICE** plaintiffs' motion for partial summary judgment. Dkt. No. 48.

The court **ORDERS** that this case is **ADMINISTRATIVELY CLOSED** pending resolution of the state court case. Either party may move to reopen this case at any time but no later than ninety days after the state court case is resolved.

Dated in Milwaukee, Wisconsin this 14th day of June, 2022.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**