GILANE POPANDA,
*individually and as successor to the Estate of Dale Popanda,*
and DEANNDRA SCHMOCKER,
*as special administrator of the Estate of Dominque A. Roth,*

          Plaintiffs,

   v.

          Case No. 20-cv-982-pp

ADAM B. ROTH,

          Defendant.

**ORDER GRANTING PLAINTIFFS' MOTION TO LIFT STAY AND REOPEN CASE (DKT. NO. 66) AND DENYING WITHOUT PREJUDICE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (DKT. NO. 67)**

On June 14, 2022, the court granted the plaintiffs' motion to stay and administratively closed this case with leave to reopen within ninety days after the resolution of Gilane Popanda, *et al.* v. Adam B. Roth, Case No. 2022-cv-289 (Waukesha County Circuit Court). Dkt. No. 64. On October 3, 2023, the plaintiffs moved to lift the stay and reopen the case, dkt. no. 66, and simultaneously filed a motion for summary judgment, dkt. no. 67. They recounted that the Waukesha County Circuit Court had entered judgment on May 22, 2023; the defendant's time to appeal had expired on July 10, 2024. Dkt. No. 66 at ¶¶5, 6.

Regarding their summary judgment motion, the plaintiffs did not comply with this district's civil local rules governing litigation involving a *pro se*

1

party. A represented party moving for summary judgment must include in the motion a short and plain statement that any factual assertion in the movant's affidavit, declaration or other admissible documentary evidence will be accepted as true unless the unrepresented party submits his own affidavit, declaration or other admissible documentary evidence contradicting the factual assertion. Civil Local Rule 56(a)(1)(A) (E.D. Wis.). The moving party must provide the text to Federal Rules of Civil Procedure 56(c), 56(d) and 56(e) and Civil Local Rules 56(a), 56(b) and 7. Id. These requirements are designed to give *pro se* litigants notice that their failure to respond to a summary judgment motion could result in the court deeming all facts admitted and granting the motion.

The court has additional concerns regarding the plaintiffs' pending motion. In November 2021, the plaintiffs filed a motion for partial summary judgment, dkt. no. 48; in the October 20203 motion, they attempt to incorporate by reference portions of the brief in support of the November 2021 motion (the fact, criminal history and civil procedural history sections). Dkt. No. 68 at 23. Federal Rule of Civil Procedure 10(c) says that "[a] statement in a *pleading* may be adopted by reference elsewhere in the same *pleading* or in any other *pleading or motion*." Emphasis added. A brief in support of a motion is not a "pleading." See Fed. R. Civ. P. 7(a). And defendant's *pro se* status makes it imperative that the plaintiffs incorporate all their arguments into a single brief.

2

The court also has concerns about the defendant's ability to respond to the summary judgment motion. Over two years ago, the court ruled on the defendant's motion for an extension of time to respond to the previously filed motion for summary judgment. Dkt. No. 54 at 7. The court expressed concern that the defendant's father was preparing the defendant's pleadings, because his father is not a lawyer and cannot appear on the defendant's behalf. Id. at 8. The court opined that it was "particularly troubling where the pleadings indicate that the defendant entered an NGI plea claiming a mental defect, has been committed to an institution and the initial complaint alleged the defendant may have diminished capacity." Id. Based on those concerns, the court scheduled a status conference, requiring the defendant and his father to appear. Id.

During the February 22, 2022 status conference, the defendant told the court that he was an active participant in the case and that his father had helped him write the pleadings and decide what to file. Dkt. No. 57 at 1. The court explained that if the defendant needed assistance making legal decisions, he would need to retain an attorney. Id. The court gave the defendant a list of organizations that possibly could represent the defendant at little to no cost. Id. At that time, the defendant said that he intended to contest the payout of the proceeds from the life insurance policy—the subject of this case. Id. at 2. The court said that it would await a notice of appearance of counsel on behalf of the defendant or a motion for stay from the plaintiffs. Id.

3

The defendant and his father subsequently filed letters reporting that the defendant was continuing to search for an attorney. Dkt. Nos. 58, 62. One letter reported that the defendant had retained an attorney but that the attorney had withdrawn when the parties were unable to reach a settlement. Dkt. No. 62. On May 9, 2022, the defendant filed a response to the expedited motion to stay and explained that he received mail slowly and could not e-file and that his time and access to resources were "severely restricted." Dkt. No. 63 at 1. He asked for a thirty-day period to respond to any filings. Id. Subsequently, on June 14, 2022, the court granted the plaintiffs' motion to stay. Dkt. No. 64.

Although the plaintiffs filed their motion to lift the stay and motion for summary judgment eleven months ago, the defendant has not responded to either motion. The court has received nothing from the defendant since May 9, 2022—over two years ago. CCAP reflects that the defendant appeared by video during the May 16, 2023 court trial in the Waukesha County Circuit Court and gave opening and closing statements but called no witnesses. Popanda v. Roth, Case No. 22-cv-289 (Waukesha County Circuit Court) (available at https://wcca.wicourts.gov/). The court's staff contacted Mendota Mental Health Institute and confirmed that the defendant still is housed there, but the court has no other information about his ability to represent himself or his ability to receive—and respond to—mail. The court will schedule a telephonic status conference with the parties to address these concerns.

The court **GRANTS** the plaintiffs' motion to lift stay and reopen. Dkt. No. 66.

The court **DENIES WITHOUT PREJUDICE** the plaintiffs' motion for summary judgment. Dkt. No. 67.

The court **ORDERS** that the parties must appear for a telephonic status conference on **October 3, 2024 at 11:00 AM**. The plaintiffs' counsel must appear by calling the court's conference line at 551-285-1373 and entering Meeting ID 161 4901 8989 and Passcode 190021 when prompted. The court will coordinate with Mendota Mental Health Institute for the defendant's appearance.

Dated in Milwaukee, Wisconsin this 4th day of September, 2024.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**